896 F.2d 1383
 283 U.S.App.D.C. 85
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Eleanor CLIFT, Plaintiff,
v.
Jo Anna CLIFT, Individually and as Personal Representative
of W. Brooks Clift.
 No. 89-7204.
 United States Court of Appeals, District of Columbia Circuit.
 March 6, 1990.
 
 Before WALD, Chief Judge, and MIKVA and HARRY T. EDWARDS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on the appeal from the judgment of the District Court granting the plaintiff's motion for summary judgment, and was briefed and argued by counsel. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C.Cir. Rule 14(c). For the reasons stated in the accompanying Memorandum, it is
 
 
 2
 ORDERED and ADJUDGED, by the Court, that the judgment is affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.
 
 MEMORANDUM
 
 4
 While appellee Eleanor Clift was married to her former, now deceased, husband, W. Brooks Clift, they bought a house that was titled to both of them. In 1981 Brooks and Eleanor Clift separated, leading to divorce in 1984. In 1982, Brooks and Eleanor Clift entered into a contractual agreement; the terms of their agreement provided, inter alia, for transfer of the jointly titled house to Eleanor Clift on certain conditions, and for the establishment of a trust fund for the children of Eleanor Clift and Brooks Clift. See Separation and Property Settlement Agreement, Aug. 18, 1982 ("Agreement"), reprinted in J.A. 48. Brooks Clift died in 1986, and, in the present action, his wife at the time of his death, Jo Anna Clift, represents his estate.
 
 
 5
 In the action below, Eleanor Clift brought suit seeking a judicial declaration that she was the sole owner of the house whose title she and Brooks Clift had jointly held and that she is trustee of $26,177.00, which she is to hold for the benefit of her children by Brooks Clift. In opposition, Jo Anna Clift counterclaimed for payment of an amount that, she argues, Eleanor Clift owed Brooks Clift on a promissory note that Eleanor Clift had given Brooks Clift pursuant to the Agreement. On cross-motions for summary judgment, the District Court entered judgment for Eleanor Clift, holding that she had not defaulted on her obligations to Brooks Clift under the Agreement, and that, pursuant to the Agreement, she should hold in trust for the benefit of her and Brooks Clift's children any remaining obligations she has to Brooks Clift.
 
 
 6
 We uphold the District Court's decision solely on the ground that, even if Eleanor Clift owed Brooks Clift's estate a sum of money under the terms of the Agreement, that same Agreement also extinguished the debt and calls upon Eleanor Clift to hold the sum of the debt in trust for her and Brooks Clift's children.
 
 
 7
 Central to our disposition of this case are three paragraphs in the Agreement. Paragraph 7 provides the conditions under which Brooks Clift would transfer his interest in the house to Eleanor Clift. See Agreement p 7, reprinted in J.A. 52-53. Paragraph 8(c) of the Agreement states that, "[i]n the event of the death of either party prior to the completion or cessation by the last child of his college education, the Husband agrees to waive over to the Wife in trust for the children any sum due him from her pursuant to Paragraph 7 hereof...." Id. p 8(c), reprinted in J.A. 54 (emphasis added). Finally, Paragraph 13 of the Agreement provides:
 
 
 8
 Except as otherwise provided herein, all obligations due from one party to the other shall be extinguished by the death of either, and any such rights shall not accrue to the estate of the decedent.
 
 
 9
 Agreement p 13, reprinted in J.A. 55 (emphasis added).
 
 
 10
 Relying on paragraph 7, appellant Jo Anna Clift argues that Eleanor Clift failed to meet some of the conditions precedent for this transfer, namely, timely payment on the balance of a note from Eleanor Clift to Brooks Clift. In response, Eleanor Clift argues that she was entitled to offset against her debt to Brooks Clift certain Social Security payments that Brooks Clift should have turned over to Eleanor Clift for support of the children. We hold that, even if Jo Anna Clift was correct in her claim that Eleanor Clift was indebted to Brooks Clift's estate under the terms of paragraph 7--a question on which we take no position--paragraphs 8(c) and 13 clearly require that that debt be extinguished and held by Eleanor Clift in trust for her children. For that reason, the District Court's decision is hereby
 
 
 11
 Affirmed.